
DA 10-0190

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 209N

DOUGLAS R. BOESE,

        Plaintiff and Appellant,

   v.

LAURIE McKINNON and SANDRA PEERS,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DV 09-076
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Douglas R. Boese (Self-Represented), Deer Lodge, Montana

      For Appellee McKinnon:

          Michael R. King, Special Assistant Attorney General, Risk Management
And Tort Defense Division, Helena, Montana

      For Appellee Peers:

          Michael W. Sehestedt, MACo Legal Services, Helena, Montana

          Submitted on Briefs:  September 8, 2010

                  Decided:  October 5, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In August 2007, plaintiff Douglas Boese sued the Crossroads Correctional Center (CCC) in the Ninth Judicial District Court in Toole County. Judge Laurie McKinnon, the appellee in the appeal before us, was the presiding judge in that case. In the course of that proceeding, Boese came to believe that McKinnon maliciously refused to issue timely rulings on some of his motions, made vindictive rulings on other motions, and incorrectly granted motions filed by CCC. As a result, Boese filed an Affidavit for Disqualification with the Clerk of Ninth Judicial District Court, Sandra Peers, seeking to have McKinnon removed as presiding judge. Peers entered the affidavit into the court register but, according to Boese, "intentionally ignored" her statutory responsibility to forward it to the Montana Supreme Court. McKinnon continued presiding over the matter and ultimately ruled against Boese by granting CCC's motion for summary judgment. Rather than appealing McKinnon's rulings, Boese sued McKinnon and Peers for intentional breach of a general duty of care, intentional breach of a statutory duty, and actual malice. Judge David Cybulski presided over Boese's suit against McKinnon and Peers. McKinnon sought summary judgment on various grounds, including judicial

2

immunity. Peers moved for dismissal for failure to state a claim against her. Boese moved to stay the summary judgment and dismissal proceedings pending discovery. McKinnon moved to stay discovery until the dispositive motions were decided. Judge Cybulski granted both McKinnon's and Peers' motions and denied Boese's discovery motion. Boese appeals Judge Cybulski's order. We affirm.

## ISSUES

¶3 A restatement of the issues on appeal is:

¶4 Did the District Court err in granting McKinnon's motion for summary judgment?

¶5 Did the District Court err in granting Peers' motion to dismiss?

¶6 Did the District Court abuse its discretion in granting McKinnon's motion to stay discovery and denying Boese's motion to stay the summary judgment proceedings?

## STANDARDS OF REVIEW

¶7 We review an order granting or denying a motion for summary judgment de novo. *Alexander v. Bozeman Motors, Inc.*, 2010 MT 135, ¶ 15, 356 Mont. 439, 234 P.3d 880.

¶8 We also review de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) admits the allegations in the well-pled complaint. The court must consider the complaint in the light most favorable to the plaintiff in evaluating the motion. The court also must take as true all the allegations of fact contained in the complaint. *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 2010 MT 63, ¶ 15, 355 Mont. 387, 228 P.3d 1134.

¶9 We review an order denying discovery for an abuse of discretion. *Stanley v. Holms*, 1999 MT 41, ¶ 19, 293 Mont. 343, 975 P.2d 1242.

3

## DISCUSSION

¶10 The District Court granted McKinnon's motion for summary judgment after correctly concluding that McKinnon is entitled to judicial immunity. Section 2-9-112, MCA, grants immunity from suit for judicial acts and omissions and provides:

> (1) The state and other governmental units are immune from suit for acts or omissions of the judiciary.
> (2) A member, officer, or agent of the judiciary is immune from suit for damages arising from the lawful discharge of an official duty associated with judicial actions of the court.
> (3) The judiciary includes those courts established in accordance with Article VII of The Constitution of the State of Montana.

¶11 As McKinnon's alleged errors in Boese's case against CCC were "judicial actions of the court," and were within her authority as a district court judge, McKinnon is immune from the suit Boese brought against her in the District Court.

¶12 As for dismissal of the claim against Peers, we conclude the District Court did not err. The plain language of the statute Boese alleges Peers breached, § 3-1-805, MCA, allows for the filing of an affidavit seeking disqualification of a sitting judge **and** it instructs that "the matter shall be referred to the Montana Supreme Court." However, it does not impose the duty of referring the matter to the Supreme Court upon the Clerk of the District Court. As a result, Boese's allegations against Peers had no basis in law and were correctly dismissed.

¶13 Lastly, we conclude that the District Court correctly stayed discovery until the immunity issue was resolved. In *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), the United States Supreme Court encouraged courts to resolve immunity questions at the earliest possible stage in the litigation. It is appropriate for courts to delay costly and

4

time-consuming litigation activities when a motion to dismiss or for summary judgment is pending on the grounds of immunity.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err or abuse its discretion in its disposition of this matter. We therefore affirm.

/S/ PATRICIA COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE